**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | **NO. 13-402-2** |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **EDWIN FERNANDEZ** | : | **NO. 17-4143** |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    APRIL 2, 2018

# MEMORANDUM OPINION

Before this Court is a *motion to correct, vacate, and/or set aside sentence and conviction pursuant to 28 U.S.C. §2255*, filed by Defendant Edwin Fernandez ("Fernandez" or "Defendant"), based on claims that trial counsel was ineffective: in failing to advise him of how the statements made during the proffer sessions with the Government could be used against him if he stood trial; in arguing the motion to suppress; and in not objecting to the presentence report at the sentencing hearing. [ECF 197]. The Government filed a response opposing the motion. [ECF 199]. The issues raised in the motion have been fully briefed and are ripe for disposition. For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

The facts and procedural history are known to the parties and will only be discussed to the extent necessary for the disposition of this motion. To provide context to Defendant's motion, the relevant facts are summarized as follows:

Fernandez and several co-defendants were charged by a second superseding indictment with numerous drug offenses involving conspiracy and cocaine. Fernandez filed a motion to suppress the physical evidence. The Government filed a motion in *limine* to admit, in rebuttal, statements made at the

proffer session. On January 5, 2015, the district court[1] conducted an evidentiary hearing on these pretrial motions, and denied Fernandez' motion to suppress and granted the Government's motion. (*See* ECF 141). Thereafter, on that same day, Fernandez entered into a *Zudiak* guilty plea to the charges in the second superseding indictment and preserved, under Federal Rule of Criminal Procedure 11(a)(2) and with the Government's consent, his right to appeal the denial of the motion to suppress the seizure and search of the two cellular phones. On July 17, 2015, Fernandez was sentenced to a term of 300 months imprisonment followed by 10 years of supervised release, and imposed a special assessment of $800.00.

Fernandez filed a timely appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit") raising two issues, *to wit*: whether the district court erred in denying the motion to suppress evidence, and whether the sentence imposed was substantively reasonable. On July 13, 2016, the Third Circuit affirmed the judgment.[2]

On November 7, 2017, Fernandez filed the instant §2255 motion. [ECF 197].[3] On February 26, 2018, the Government filed its response in opposition. [ECF 199].

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner

serving a sentence in federal custody may move to vacate, set aside, or correct his/her sentence

---

[1]   This criminal matter was originally assigned, including during the motion to suppress and the guilty plea, to the Honorable Stewart Dalzell, and was administratively reassigned to the undersigned on October 30, 2015. [ECF 186].

[2]   On June 20, 2016, the Third Circuit entered its judgment affirming Fernandez' June 20, 2015 judgment, and on July 12, 2016, it issued its mandate. On July 13, 2016, the Third Circuit entered its amended judgment and amended mandate to address typographical issues in the original judgment and mandate.

[3]   On September 18, 2017, Defendant filed a *pro se* §2255 motion. [ECF 193]. On October 26, 2017, the Clerk was ordered to provide Defendant with the standard form for a §2255 motion. [ECF 196]. Subsequently, on November 7, 2017, Defendant filed the operative §2255 motion. [ECF 197]. Defendant filed his first §2255 motion within one year of the judgment against him becoming final; thus, his motion is timely. *See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -- (1) the date on which the judgment of conviction becomes final . . . ."); *United States v. Young*, 2014 WL 3686091, at *2 (E.D. Pa. July 25, 2014) (noting that a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the Third Circuit's affirmation of the conviction); U.S. Sup. Ct. R. 13(1) (establishing a 90-day deadline to petition for a writ of certiorari).

under 28 U.S.C. §2255 only on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). However, a motion under §2255 is a collateral challenge that is viewed less favorably than a direct appeal, and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). If a court finds that the judgment or sentence imposed was not authorized by law, or that there has been such a denial or an infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall either discharge the prisoner, resentence him, grant a new trial, or correct the sentence, as may appear appropriate. 28 U.S.C. § 2255(b).

**DISCUSSION**

As noted, in his motion to correct or vacate the sentence, Defendant essentially argues that three of his trial counsel were ineffective for failing: to properly advise him of the significance of the testimony he offered during the proffer sessions; to successfully argue the motion to suppress; and to persuasively argue against the application of guideline enhancements at sentencing. Although the underlying substance of some of these claims has been presented to and ruled on by the appellate court, this Court will, nonetheless, address each claim.

When evaluating the effectiveness of trial counsel, this Court must apply the familiar two-prong inquiry articulated in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on

such a claim, a defendant must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that the deficient representation was prejudicial. *Id*. at 687-88; *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Conclusory allegations are insufficient to entitle a defendant to relief under §2255. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The burden is on the defendant in a §2255 motion to prove his claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.

In determining whether counsel has satisfied the objective standard of reasonableness set forth in the first prong, courts must be highly deferential toward counsel's conduct. *Strickland*, 466 U.S. at 689. A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance. *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989). The court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996). To succeed with an ineffective assistance of counsel claim, "a defendant must overcome the 'presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 689). "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kaufman*, 109 F.3d 186, 190 (3d Cir. 1997) (citations omitted). Counsel will not be deemed ineffective for failing to raise a meritless claim. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the defendant must show that, but for counsel's errors, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different."). A district court need not conduct its analysis of the two prongs in a particular order or address both prongs of the inquiry if a defendant makes an insufficient showing on one of the prongs. *See Strickland*, 466 U.S. at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).

On the issue of the testimony made at the proffer sessions, Defendant argues that his then attorney, William Cannon,[4] had improperly advised him on how that testimony could be used; and that he had been forced to participate in those proffer sessions. The Government disputes these assertions and argues that Defendant, along with counsel, met with the Government to discuss the case pending against him. At that meeting Defendant, his counsel, and the Government signed the proffer letter which, *inter alia,* established the ground rules for the meeting and provided, in part, that:

> if your client is a witness or party at any trial or other legal proceedings and testifies or makes representations through counsel materially different from statements made or information provided during the "off-the-record" proffer, the government may cross-examine your client, introduce rebuttal evidence and make representations based on statements made or information provided during the "off-the-record" proffer. This provision helps to assure that your client does not abuse the opportunity for an "off-the-record" proffer, make materially false statements to a government agency, commit perjury or offer false evidence at trial or other legal proceedings.

---

[4] Fernandez has been represented by numerous attorneys, including William Cannon, Esquire, who withdrew as counsel as of October 4, 2013, (*see* ECF 29); Michael J. Diamondstein, Esquire, who withdrew as counsel effective on March 6, 2014, (*see* ECF 57); Richard J. Fuschino, who withdrew as counsel effective on April 1, 2015, (*see* ECF 162); and current counsel of record, William Spade, Esquire.

[ECF 199 at 7]. After discussing the terms of the proffer letter with his counsel, Defendant agreed to the terms of the proffer letter, and during the course of the interview, admitted that he committed the crimes charged in the indictment (*i.e.*, conspiracy to import cocaine, importation of cocaine; attempted importation of cocaine; conspiracy to distribute cocaine; and attempted possession with intent to distribute cocaine), and provided details regarding the identity and roles of the other participants. Defendant met with the Government a second time and provided additional details about the conspiracy.

Prior to the scheduled start of trial, the Government filed a motion in *limine* to admit, in rebuttal, the admissions made by Defendant during his proffer sessions should he decide to take the stand and to testify contrary to those admissions or offer any contradictory evidence or argument. [ECF 137]. In response to the motion, Defendant argued that his proffer statements were procured by fraud and that his attendance there was not knowing or voluntary. An evidentiary hearing on this issue was held before the Honorable Stewart Dalzell. Defendant was then represented by Mr. Fuschino. The Government called Attorney Cannon as a witness, and Defendant offered testimony on his own behalf. After hearing evidence, argument, and assessing the credibility of the witnesses, Judge Dalzell granted the Government's motion, thus, permitting the proffer statements, in rebuttal. [*See* ECF 144]. Thereafter, Defendant pled guilty.

Although Defendant testified that he was fraudulently induced to attend the proffer sessions with the Government and provide testimony, Judge Dalzell found that testimony to be not credible. This Court will not second guess the judge's assessment of Defendant's credibility, and finds no reason, in the record, to do so. As such, Mr. Cannon's testimony provides credible evidence that Defendant understood the reason for his presence and twice cooperated with the Government and provided information regarding the conspiracy and drug trafficking scheme.

Consequently, this Court finds that Defendant has failed to show that the advice received and/or that Mr. Cannon's performance during the proffer sessions was objectively deficient and/or that counsel's performance prejudiced Defendant. Under the circumstances, Defendant has not sustained his claim that William Cannon provided ineffective assistance of counsel.

Defendant also claims that his then counsel, Richard Fuschino, was ineffective for "failing to prepare and discover all relevant facts required to address the suppression hearing," specifically, regarding when the two cell phones were discovered by the arresting officers, and cites to *Arizona v. Gant,* 556 U.S. 132 (2009) and the Fourth Amendment in support. The underlying suppression issue was appealed to and addressed by the Third Circuit. In its opinion, the Third Circuit discussed the circumstances of Defendant's warrantless arrest and concluded that the facts presented at the motion to suppress hearing established probable cause to arrest Defendant. *United States v. Fernandez*, 652 F. App'x 110, 114 (3d Cir. 2016). The Third Circuit further affirmed the district court's finding that the cell phones were seized pursuant to a search incident to the lawful arrest. *Id.* Based on its review of the motion, response, and record, this Court has no reason to disagree with the appellate court's reasoning or conclusion that the search was incident to a lawful arrest. As such, Mr. Fuschino's representation was not in any way deficient. Accordingly, this Court finds no merit to Defendant's argument.

Lastly, Defendant claims his post-trial counsel, William Spade, was ineffective because counsel's "objection to the PSI report lacked specificity and clarity." Defendant objects to the four-point enhancement provided for in the Advisory Sentencing Guidelines under the category that classified him as a leader, and the two-point enhancement for obstruction of justice, which nullified the points he received for acceptance of responsibility. Though Defendant acknowledges that Mr. Spade filed objections to those enhancements, he argues that Mr. Spade failed to

adequately prepare for the sentencing hearing or to otherwise prosecute these objections. Defendant is, however, mistaken. While Defendant desired a different result at his sentencing hearing, Mr. Spade raised the written objections with the sentencing court, which rejected the arguments. Mr. Spade cannot be found to have performed deficiently merely because his arguments were rejected by the sentencing court. *See, e.g., United States v. Schwartz*, 2012 WL 1694292, at *11 (E.D. Pa. May 15, 2012) ("Counsel was not constitutionally ineffective merely because his arguments related to sentencing were unsuccessful."). Accordingly, Defendant's argument that Mr. Spade's performance was deficient lacks merit.

Further, at the appeal process, the Third Circuit reviewed the reasonableness of the sentence imposed and determined that the sentencing court correctly calculated the advisory guideline range as 324 to 435 months of imprisonment, and that because of Defendant's prior drug trafficking conviction, he faced the mandatory minimum sentence of 240 months of imprisonment. *Fernandez*, 652 F. App'x at 115-16. The Third Circuit further found that the record demonstrated that proper consideration was given to the mitigating factors and, therefore, declined to find the sentence unreasonable. *Id.* This Court follows suit. As argued by the Government, Defendant was a leader in an extensive organization that imported cocaine from the Dominican Republic by way of the Philadelphia International Airport. Defendant acknowledged in his plea that he recruited employees of the airport to ensure that the designated luggage would be safely offloaded on domestic belts, instead of on the international belt, to evade detection by Homeland Security police. Fernandez was responsible for directing where and to whom the bags would be delivered, where the money was delivered, and ensured proceeds were returned to the sellers. The Government identified several individuals that reported to Defendant. Pursuant to the facts provided by the Government during the guilty plea regarding the offenses charged,

which Fernandez agreed occurred, the advisory guideline enhancements were correctly applied. Thus, Mr. Spade's performance cannot be found to be deficient, nor was Defendant prejudiced as a result. Fernandez' argument is without merit.

Finally, Defendant argues that the cumulative impact of counsel's errors warrants an evidentiary hearing. This Court disagrees. Specifically, §2255 provides that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). Thus, where "'the record affirmatively indicates that the claim for relief is without merit,' no evidentiary hearing is necessary." *United States v. Velez*, 2017 WL 3028612, at *2 (E.D. Pa. Jan. 6, 2017) (quoting *Page v. United States*, 462 F.2d 932, 933 (3d Cir. 1972)). Because the record in this case makes clear that Defendant's trial and sentencing counsel were not ineffective and that Fernandez is not entitled to relief, no evidentiary hearing is necessary. Any request for an evidentiary hearing is, therefore, denied.

**CONCLUSION**

For the reasons set forth herein, this Court finds that Fernandez' §2255 claims of ineffectiveness of counsel lack merit, and an evidentiary hearing on these issues is not necessary. Accordingly, Fernandez' §2255 motion to vacate, set aside or correct sentence is denied. Further, based on the analysis conducted above, no reasonable jurist would disagree with this Court's assessment of Fernandez' claims. Accordingly, this Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDC J